# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**OCTAVIOUS LAVON McNEIL**                                                               **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 4:12-cv-124-DPJ-FKB**

**LAUDERDALE COUNTY, MISSISSIPPI**                                              **DEFENDANT**

## ORDER OF DISMISSAL

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Octavious Lavon McNeil, an inmate incarcerated at the Lauderdale County Detention Center, Meridian, Mississippi, files this *pro se* Complaint [1] pursuant to 42 U.S.C. § 1983. The named Defendant is Lauderdale County, Mississippi. Upon liberal review of the Complaint [1] and Response [19], the Court comes to the following conclusion.

Plaintiff purchased a case of noodles from the Lauderdale County Detention Center commissary on June 8, 2012. Compl. [1] at 4. One of the packages of noodles was empty, except for some crumbs and "rat/mice feces." *Id.* Plaintiff made a complaint to an officer about the condition of the noodles. *Id.* Plaintiff files the instant civil action claiming his Eighth Amendment right to be free from an "unsanitary environment" has been violated. Pl.'s Resp. [19].

I.   Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoners proceeding *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal— (i) is frivolous[1] or malicious;

---

[1] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. *See, e.g.*, *Neitzke v. Williams*, 490 U.S. 319

(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Court entered an Order [9] on August 22, 2012, granting Plaintiff's request to proceed *in forma pauperis*. Since the Court has permitted Plaintiff to proceed *in forma pauperis* in this action, his Complaint [1] is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2).

In order to have a viable 42 U.S.C. § 1983 claim, Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States and that the person depriving Plaintiff of this right acted under color of any statute of the State. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988). Additionally, to maintain a § 1983 civil action against a local government, Plaintiff must establish that the alleged constitutional violation suffered at the hands of the local government was a result of a policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Plaintiff claims that Defendant Lauderdale County violated his Eighth Amendment right because the package of noodles he purchased from the Lauderdale County Detention Center's commissary contained rat/mice feces creating an "unsanitary environment." Pl.'s Resp. [19].

In order to rise to the level of a violation of the Eighth Amendment, the conditions of confinement must be "cruel and unusual" under contemporary standards. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Even though the Constitution "does not mandate comfortable prisons," the Constitution does not permit "the wanton and unnecessary infliction of pain." *Id.* at 347, 349. "A single incident of food poisoning or finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected." *Green v.*

(1989).

2

*Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010) (citing *Hyder v. Perez*, 85 F.3d 624, No. 96-40003, 1996 WL 255342, at *1 (5th Cir. Apr. 29, 1996) (unpublished table opinion); *George v. King*, 837 F.2d 705, 707 (5th Cir. 1988)). On the other hand, "[e]vidence of frequent or regular injurious incidents of foreign objects in food . . . raises what otherwise might be merely isolated negligent behavior to the level of a constitutional violation." *Id.* (citing *George*, 837 F.2d at 707).

Plaintiff was given multiple opportunities to provide additional information to this Court to support his claim that he was exposed to an unsanitary environment such that his constitutional rights were violated. *See* Orders [13, 15, 18]. Yet Plaintiff failed to establish that he has received, on more than one occasion, food items which contain rat or mice feces or were otherwise in an unsanitary condition. Pl.'s Resp. [19]. With this in mind, the Court finds that Plaintiff's allegations do not rise to a level of constitutional deprivation. *See George*, 837 F.2d at 707; *see also Smith v. Younger*, 187 F.3d 638, No. 98-5482, 1999 WL 623355, at *2 (6th Cir. Aug. 9, 1999) (unpublished table opinion) (affirming district court's decision to dismiss plaintiff's Eighth Amendment claim premised on a worm that was found in her peanut butter).

Even if Plaintiff presented an arguable claim that his Eighth Amendment right was violated, Plaintiff cannot maintain this § 1983 civil action against Defendant Lauderdale County. In order for Defendant Lauderdale County to be liable, Plaintiff is required to demonstrate that (1) an official policy or custom (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right to establish liability of a local governmental body. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694). Plaintiff was given numerous opportunities by this Court's Orders [8,

13, 15, 18] to allege facts to support his claim against Defendant Lauderdale County. Plaintiff, however, did not assert any facts against Defendant Lauderdale County establishing that there is a policy or custom of selling tainted food products. *See* Pl.'s Resp. [19].

II. Conclusion

As explained above, Plaintiff's single incident of receiving a package of noodles containing crumbs and rat/mice feces does not amount to a constitutional deprivation. Because Plaintiff failed to allege any facts of a policy or custom used by Defendant Lauderdale County to violate his Eighth Amendment claim, Plaintiff could not maintain this § 1983 action against this Defendant. Upon consideration of the record and Plaintiff's response to the Court's questions, the Court finds that Plaintiff has "pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). Therefore, this case is dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i).

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike." *See* 28 U.S.C. § 1915(g). If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Order of Dismissal will be entered.

**SO ORDERED AND ADJUDGED** this the 6th day of February, 2013.

                                           s/ *Daniel P. Jordan III*
                                           UNITED STATES DISTRICT JUDGE